UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBYN ANN NICOLE TYNER,

    Plaintiff,

v.                                                       Case No.: 3:14-cv-645-J-MCR

CAROLYN W. COLVIN, Commissioner of
the Social Security Administration,

    Defendant.
_____/

## MEMORANDUM OPINION AND ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her applications for a Period of Disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). Plaintiff alleges she became disabled on July 20, 2010. (Tr. 29, 182, 184.) A hearing was held before the assigned Administrative Law Judge ("ALJ") on February 10, 2012 and again on August 6, 2012. (Tr. 44-87.) At both hearings, Plaintiff was represented by an attorney. (*Id.*) The ALJ found Plaintiff not disabled from July 20, 2010 through December 18, 2012, the date of the decision. (Tr. 29-39.)

In reaching the decision, the ALJ found that Plaintiff's rheumatoid arthritis was a severe impairment. (Tr. 31.) The ALJ also found that Plaintiff had the residual functional capacity ("RFC") to perform a reduced range of sedentary

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Doc. 16.)

work. (Tr. 33.)

Plaintiff is appealing the Commissioner's decision that she was not disabled from July 20, 2010 through December 18, 2012. Plaintiff has exhausted her available administrative remedies and the case is properly before the Court. The undersigned has reviewed the record, the briefs, and the applicable law. For the reasons stated herein, the Commissioner's decision is **REVERSED and REMANDED.**

I.   **Standard of Review**

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into

account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

## II.     Discussion

Plaintiff raises three issues on appeal. First, Plaintiff argues that the ALJ erred in failing to include all of Dr. Keiter's opinions in the RFC assessment, despite giving those opinions significant weight, and erroneously analyzed the State agency doctors' opinions that supported Dr. Keiter's assessment. Second, Plaintiff argues that the ALJ erred in failing to articulate good cause for not crediting Dr. Patterson's treating opinions. Third, Plaintiff argues that the Commissioner failed to analyze the content of Exhibit 12F, which was timely submitted to the ALJ after the hearing but prior to the ALJ's decision, and was later exhibited by the Appeals Council.

The Court will start with the third issue raised by Plaintiff. The ALJ held two hearings in this case - on February 10, 2012 and on August 6, 2012. (Tr. 44-87.) On November 9, 2012, Plaintiff's attorney submitted medical records from Shands covering the period of July 5, 2012 through August 30, 2012, and asked the ALJ to make these records part of the exhibit file. (Tr. 644.) The ALJ issued his decision on December 18, 2012. (Tr. 29-39.) The ALJ's decision neither references nor exhibits the subject medical records. (*See* Tr. 29-43.) Apparently,

the records became a part of the administrative record when the Appeals Council exhibited them and referenced them in its order.  (*See* Tr. 1-5.)

Plaintiff argues that the ALJ erred when he failed to consider this timely submitted, new, and material evidence.  Specifically, Plaintiff argues that these records undermine the ALJ's conclusion that Plaintiff's rheumatoid arthritis, the only severe impairment assessed by the ALJ, was under control.  Plaintiff points out that the ALJ never reviewed the records of her rheumatoid cyst that was surgically removed on August 20, 2012, and did not analyze her July 5, 2012 lumbar spine MRI, which revealed, *inter alia*, moderate broad-based disk bulge, indentation on the ventral thecal sac, mild central canal stenosis, and mild bilateral foraminal narrowing.  (Tr. 662.)

Defendant responds that much of Exhibit 12F was included in Exhibits 10F and 11F, which were specifically referenced by the ALJ.  Defendant concedes, however, that the ALJ did not discuss the removal of Plaintiff's rheumatoid cyst or certain medical records from July 26, 2012 and August 2012, indicating, *inter alia*, joint effusion in both knees, slight anterolisthesis in the cervical spine, synovitis in the fingers, wrists, and ankles, minimal soft tissue edema around the right ankle, decreased rotation in the cervical and lumbar spine, and a ranking of 40 on a clinical disease activity index for rheumatoid arthritis.  (Tr. 649, 655, 661, 663-64, 670-71.)  Defendant argues that the ALJ's failure to discuss Exhibit 12F was not an error because "there is no rigid requirement that the ALJ specifically refer to

every piece of evidence in his decision." (Doc. 21 at 16 (internal citations omitted).)

Although an ALJ is not required to refer to every piece of evidence in his decision, the ALJ may not ignore relevant evidence, particularly when it supports the claimant's position. *See, e.g., Lord v. Apfel*, 114 F. Supp. 2d 3, 13 (D.N.H. 2000); *Meek v. Astrue*, 2008 WL 4328227, *1 (M.D. Fla. Sept. 17, 2008) ("Although an ALJ need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision . . . . Rather, the judge must explain why significant probative evidence has been rejected.") (internal citations and quotation marks omitted). The evidence at issue supports Plaintiff's position. For example, although the ALJ concluded that Plaintiff's rheumatoid arthritis was well controlled with medications (Tr. 37), which was one reason cited by the ALJ for rejecting Dr. Patterson's opinions, the additional evidence demonstrates that Plaintiff's medication did not provide relief, and just a couple of weeks after the ALJ's hearing, Plaintiff had surgery for removal of a rheumatoid cyst (Tr. 649, 655). Also, while the ALJ rejected Plaintiff's complaints of disabling pain based on the results of "objective imaging studies" (Tr. 38), during the period of July 5, 2012 through August 30, 2012, Plaintiff underwent additional tests and examinations, including a lumbar spine MRI, which indicated a moderate broad-based disk bulge, among others (Tr. 662, 678). Although the Court cannot speculate what weight the ALJ may assign to the evidence included in Exhibit

5

12F, there is a reasonable possibility that the evidence, alone or when considered with the rest of the file, could change the outcome in this case.  *See* 20 C.F.R. § 405.331(c).

In addition, because Exhibit 12F covers the period of July 5, 2012 through August 30, 2012, at least some, and arguably all, of this evidence could not have been submitted at the August 6, 2012 hearing before the ALJ.  Therefore, Plaintiff properly requested that this evidence be made part of the record after the ALJ's hearing, but prior to the ALJ's decision.  *See Lord*, 114 F. Supp. 2d at 13 ("The SSA's regulations and directives allow for a claimant to submit additional evidence after an administrative hearing but before the ALJ renders her decision.") (citing 20 C.F.R. §§ 404.936(a), 404.944; HALLEX I-2-6-30, 1993 WL 643026; HALLEX I-2-6-78, 1993 WL 751904).

It is unclear why the ALJ did not make Exhibit 12F part of the record, as set forth in HALLEX I-2-6-30, 1993 WL 643026,[2] particularly since it was the ALJ's duty to develop the record.  Moreover, the ALJ completely failed to mention any of this post-hearing evidence in his decision.  Thus, "it is impossible to determine whether this evidence was considered and implicitly discredited or instead was

---

[2] HALLEX I-2-6-30 provides in relevant part: "If additional evidence is received at or after the hearing, mark the item(s) with the next exhibit number(s).  Add the exhibit(s) to the exhibit list under the heading 'Received During Hearing' or 'Received Subsequent to Hearing,' as appropriate."

simply overlooked." *Lord*, 114 F. Supp. 2d at 14.[3]  This is significant because, as shown earlier, this evidence tends to support Plaintiff's position.  In addition to being probative, the evidence is also new because it includes Plaintiff's most recent medical records, including records that even Defendant concedes are non-cumulative of any earlier records.

Based on the foregoing, the Court cannot conclude that the ALJ's failure to develop the record with respect to Exhibit 12F was harmless.  Therefore, the Commissioner's decision will be reversed and the case remanded with instructions to the ALJ to conduct the five-step sequential evaluation process in light of all the evidence, including Exhibit 12F.  *Tolbert v. Comm'r of Soc. Sec.*, 2012 WL 4176876, *9 (E.D. Mich. Aug. 27, 2012) (Report and Recommendation adopted by 2012 WL 4165649 (E.D. Mich. Sept. 18, 2012)); *Cooper v. Astrue*, 2011 WL 240177, *5 (E.D. Pa. Jan. 26, 2011).  In light of this conclusion, the Court need not address Plaintiff's remaining arguments, which may become moot on remand.  *See Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam); *Freese v. Astrue*, 2008 WL 1777722, at *3 (M.D. Fla. Apr. 18, 2008); *see also Demenech v. Sec'y of the Dep't of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (per curiam).

Accordingly, it is **ORDERED**:

---

[3] Although the ALJ stated that he "carefully read and considered all the evidence regardless of whether a particular exhibit is specifically cited in the decision" (Tr. 34), the list of exhibits attached to the decision does not include Exhibit 12F.

1.  The Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and **REMANDED** with instructions to the ALJ to conduct the five-step sequential evaluation process in light of all the evidence, including Exhibit 12F, and conduct any further proceedings deemed appropriate.

2.  The Clerk of Court is directed to enter judgment consistent with this Order and close the file.

3.  Should this remand result in the award of benefits, pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, Plaintiff's attorney is **GRANTED** an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b). Plaintiff's attorney shall file such a petition within **thirty (30) days** from the date of the Commissioner's letter sent to Plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for attorney's fees. *See* In re: *Procedures for Apply for Attorney's Fees Under 42 U.S.C. §§ 406(b) & 1381(d)(2)*, Case No. 6:12-mc-124-Orl-22 (M.D. Fla. Nov. 13, 2012). This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**DONE AND ORDERED** at Jacksonville, Florida, on July 6, 2015.

*[signature]*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record